UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | Case No. 1:15-cv-600 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| v. | : | |
| | : | |
| UNIVERSITY OF CINCINNATI, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. 3)**

This civil action is currently before the Court on Plaintiff's motion for a temporary restraining order. (Doc. 3). Following an informal conference with the Court pursuant to S.D. Ohio Civ. R. 65.1, Defendants filed a responsive memorandum, and Plaintiff filed a reply. (Docs. 14, 15). On September 28, 2015, the Court heard witness testimony on behalf of Plaintiff, as well as oral argument on the motion. The Court orally denied Plaintiff's motion for temporary restraining order on the same day.

**I.    BACKGROUND FACTS**

Plaintiff is an undergraduate student at University of Cincinnati. He has completed four years of coursework and, prior to the suspension at issue in this action, was on schedule to graduate in December 2015. Plaintiff is also a football player at the University who wishes to compete in his senior season. Plaintiff seeks a temporary restraining order prohibiting Defendants from suspending him from the University in

1

violation of his constitutional due process rights and rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq*.

On or about March 2, 2015, Jane Roe submitted a complaint to the University's Title IX office, reporting that she was sexually assaulted by a UC football player. Plaintiff was contacted about the Title IX complaint on or about May 14, 2015. Plaintiff voluntarily met with Jyl Shaffer, the Title IX coordinator, on or about June 10, 2015. Plaintiff alleges that this interview was "not for fact-finding but was more of an interrogation." On August 26, 2015, Plaintiff appeared for a hearing by the University's Administrative Review Committee ("ARC") panel relating to Jane Roe's complaint. Plaintiff alleges a number of significant procedural problems that occurred at the hearing, including but not limited to, the failure of the University to provide Plaintiff with the presumption of innocence, and the use of biased decision-makers.

Following the hearing, the ARC panel recommended that Plaintiff was responsible for violating the Student Code of Conduct, specifically Physical Abuse or Harm. On or about September 1, 2015, Plaintiff was notified by the Dean of Students that the ARC panel's recommendation was accepted and that Plaintiff was suspended from the University for a period of one year.

Plaintiff and Jane Roe both submitted appeals of the decision with the University. On September 18, 2015, the University notified both parties that their appeals had been denied.

## II.  STANDARD OF REVIEW

"The Sixth Circuit has explained that 'the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had.'" *Reid v. Hood*, No. 1:10 CV 2842, 2011 U.S. Dist. LEXIS 7631, at *2 (N.D. Ohio Jan. 26, 2011) (citing *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996)). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *Id.* (citing *Motor Vehicle Bd. of Calif. v. Fox*, 434 U.S. 1345, 1347 n.2 (1977)).

Plaintiff bears the heavy burden of demonstrating its entitlement to a preliminary injunction. An "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). Thus, the party seeking the injunction must establish its case by clear and convincing evidence. *Marshall v. Ohio University*, No. 2:15-cv-775, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015), *citing Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331 (6th Cir. 1998).

In determining whether to grant injunctive relief, this Court must weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id.* These

3

four considerations are factors to be balanced, not prerequisites that must be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc*., 119 F.3d 453, 459 (6th Cir. 1997). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

### III. ANALYSIS

The Court finds categorically that Plaintiff has not evidenced facts sufficient to warrant a temporary restraining order.

#### A. Likelihood of Success on the Merits

For purposes of his motion, Plaintiff focuses on two purported due process violations by Defendants: (1) the failure of the University to provide students accused of sexual misconduct with the presumption of innocence at a hearing; and (2) the use of biased decision-makers.

Plaintiff has not demonstrated likelihood of success on the merits of his due process claims. Plaintiff has not demonstrated that the University failed to provide students with the presumption of innocence. The University uses the preponderance of the evidence as the standard of proof as directed by the Department of Education and the Office of Civil Rights. Plaintiff has not evidenced at this stage of the litigation that this standard requires any accused student to prove his or her innocence. On the other hand, Defendants have presented evidence that the University does not require an accused student to prove his or her innocence.

Moreover, in the University setting a disciplinary committee is entitled to a presumption of honesty and integrity absent a showing of actual bias. *McMillan v. Hunt*, No. 91-3843, 1992 WL 168827, at *2 (6th Cir. 1992). Here, the Court finds that Plaintiff has not yet made such a showing, as he has not evidenced that Defendants used biased decision-makers in the ARC hearing.

Plaintiff also asserts claims pursuant to Title IX, the federal statute designed to prevent sexual discrimination in educational institutions receiving federal funding. 20 U.S.C. § 1681 *et seq*. "Under the 'erroneous outcome' or 'selective enforcement' standards, a plaintiff must demonstrate that the conduct of the university in question was motivated by a sexual bias." *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009) (citing *Mallory v. Ohio Univ.*, 76 F. App'x. 634, 638 (6th Cir. 2003)).

Similar to Plaintiff's due process claims, Plaintiff has not offered compelling evidence at this stage that Defendants were motivated by a sexual bias. In relation to Plaintiff's claim under the "archaic assumptions" standard, the archaic assumptions standard has only been applied where plaintiffs seek equal athletic opportunities. *Mallory*, 76 F. App'x. at 638-39. Even assuming that this standard applies in Plaintiff's Title IX claim, however, Plaintiff also has not offered compelling evidence that Defendants took discriminatory action against him resulting from classifications upon archaic assumptions. Therefore, Plaintiff has not shown a likelihood of success on the merits.[1]

---

[1] The Court's finding that there is no likelihood of success on the merits is fatal. However, the Court will address the other three factors nonetheless. *Gonzales*, 225 F.3d at 625.

**B.    Irreparable Harm**

"To demonstrate irreparable harm, the plaintiffs must show that...they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  Harm is irreparable if it cannot be fully compensated by monetary damages.  *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 578 (6th Cir. 2002).

If a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated.  *Bonnel v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001).  *See, e.g., Hillside Productions, Inc. v. Duchane*, 249 F.Supp.2d 880, 900 (E.D. Mich 2003) (where a plaintiff's procedural due process rights were likely violated, a finding of irreparable harm should follow as a matter of law).

Here, the irreparable harm factor weighs in favor of Plaintiff.  Plaintiff has alleged the deprivation of a constitutional right.  Moreover, Plaintiff is in his final year of eligibility for playing football at the University.  He is unable to attend classes and will be unable to graduate as planned this year.  Other courts have held that suspension from school can cause irreparable harm, as can the loss of opportunity to participate in sports on a continuous and uninterrupted basis.  *See, e.g., Boman v. Bluestem Unified Sch. Dist. No. 205*, 2000 WL 297167, at *3 (D. Kan. Jan. 28, 2000) (noting that suspension of student constitutes irreparable harm); *Ganden v. National Collegiate Athletic Association*, 1996 WL 680000, at *6-7 (N.D. Ill. Nov. 21, 1996) (noting that because elite collegiate athletes have only a limited span of competitiveness, losing a year of competition would irreparably inhibit their development as athletes).

### C.     Substantial Harm to Others or the Public

The Court finds that the "harm to others" and "public interest" factors weigh in favor of Defendants.  Issuing a temporary restraining order based on limited evidence and allowing Plaintiff back on the University's campus may place him in proximity to Jane Roe and interfere with her rights.  *See Marshall v. Ohio Univ.*, No. 2:15-cv-775, 2015 WL 1179955, at *10 (S.D. Ohio Mar. 13, 2015) (finding "harm to others" prong weighed against issuance of temporary restraining order where reinstating plaintiff to honors program and placing plaintiff into close proximity with female student could interfere with her rights).

Moreover, granting a temporary restraining order would likely disturb the University's ability to enforce its disciplinary procedures, which would not be in the public interest.  *Id.* ("Issuing a temporary restraining order in this case, and in others similar to it, would likely interfere with [a university]'s ability to enforce its disciplinary standards.").  Moreover, without a showing of likelihood of success on the merits, Plaintiff has not demonstrated that he suffered a violation of his constitutional rights and thus injunctive relief is not in the public interest.

### IV.   CONCLUSION

The Court finds that Plaintiff has not met his extraordinary burden of establishing by clear and convincing evidence his entitlement to a temporary restraining order. Accordingly, Plaintiff's motion for a temporary restraining order (Doc. 3) is **DENIED**.

**IT IS SO ORDERED**.


Date: 9/30/2015                                       */s/ Timothy S. Black*
                                                      Timothy S. Black
                                                      United States District Judge