UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, | : Case No. 1:15-cv-00600 |
| Plaintiff, | : Judge Timothy S. Black |
| v. | : |
| UNIVERSITY OF CINCINNATI, et al., | : RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY |
| Defendants. | : |

## I. INTRODUCTION

Defendants University of Cincinnati, Daniel Cummins, and Debra Merchant (collectively "Defendants") submit this response in opposition to Plaintiff's motion for expedited discovery (Doc. 4).

## II. ARGUMENT

"Under Federal Rule of Civil Procedure 26(d)(1), no discovery from any source is generally permitted prior to a Rule 26 conference. In determining requests to engage in limited discovery prior to a Rule 26(f) conference, courts apply a 'good cause standard.'" *Johnson v. U.S. Bank Nat. Ass'n*, No. 1:09-CV-492, 2009 WL 4682668, at *1 (S.D. Ohio Dec. 3, 2009) (citing *Caston v. Hoaglin,* Civ. No. 2:08–cv–200, 2009 WL 1687927, at * 2 (S.D. Ohio Jun.12, 2009)). "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *Id*. (citing *Arista Records, LLC v. Does 1–4,* Civ. 1:07–cv–1115, 2007 WL 4178641, at *2 (E.D. Tenn. Nov. 20, 2007)). "Good cause is often found in cases where there is a concern that documents or other data will be lost or destroyed." *Id*. (citing *Caston,* 2009 WL 1687927 at *2). "The scope of the discovery request is also relevant to whether

13591233.1

or not good cause exists." *Lemkin v. Bell's Precision Grinding*, No. CIV.A. 2:08-CV-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) (citation omitted).

Plaintiff has not alleged that he should be entitled to expedited discovery due to any risk that documents will be lost or destroyed.  Rather, Plaintiff seeks access to certain documents solely because he believes that he needs access to them in order to prepare for a preliminary injunction hearing.  (Doc. 4 at PageID 108-109)  "Although requests for expedited discovery typically arise in connection with a motion for preliminary injunction, such requests are not automatically granted simply because a motion for preliminary injunction is pending." *Tween Brands Inv., LLC v. Bluestar Alliance, LLC*, No. 2:15-CV-2663, 2015 WL 5139487, at *3 (S.D. Ohio Sept. 1, 2015) (citing *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009)).

Also, Defendants Daniel Cummins and Debra Merchant have asserted that they are entitled to qualified immunity from Plaintiff's claims that they violated his right to due process.  The purpose of the qualified immunity doctrine is "not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery." *Everson v. Leis,* 556 F.3d 484, 491 (6th Cir. 2009) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)); *see also Anderson v. Creighton,* 483 U.S. 635, 646 n. 6 (1987) (A purpose of qualified immunity is "to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.") (citation and quotation marks omitted).  Qualified immunity is a "threshold question" which a court must address if "properly raised prior to discovery." *Summers,* 368 F.3d at 886 (6th Cir. 2004) (citing *Skousen,* 305 F.3d 520); *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818

2

13591233.1

(1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

In his motion for expedited discovery, Plaintiff requests three things: (1) "a copy and transcript of the disciplinary/appeal hearing in this matter"; (2) "the investigative file"; and (3) "internal correspondence regarding this matter." (Doc. 4 at PageID 108) While the first two requests are limited in scope, Plaintiff's third request is vast, would require significant review by Defendants for privileged documents prior to production, and would otherwise violate Defendants Cummins' and Merchant's right to have their entitlement to qualified immunity adjudicated before engaging in such broad discovery.

As for Plaintiff's first two requests, the audio recording of the disciplinary hearing and the investigative file include material protected by the Federal Educational Rights and Privacy Act, the Health Insurance Portability and Accountability Act, and the students' constitutional privacy rights. As such, Defendants request that if ordered by the Court to produce these items, such production be covered by an appropriate protective order.

### III. CONCLUSION

For each and all of the foregoing reasons, Defendants request that this Court deny Plaintiff's request for expedited discovery or, at a minimum, require that such discovery be limited to Plaintiff's narrowed requests and be produced under an adequate protective order.

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

By: /s/ Doreen Canton
Doreen Canton (0040394)
Evan T. Priestle (0089889)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Tel:  (513) 381-2838
Fax:  (513) 381-0205
canton@taftlaw.com
epriestle@taftlaw.com

Attorneys for Defendants
University of Cincinnati, Daniel
Cummins, and Debra Merchant

<u>CERTIFICATE OF SERVICE</u>

      I certify that on October 9, 2015, I filed Defendants' Response in Opposition to Plaintiff's Motion for Expedited Discovery with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all registered parties.

                                      <u>/s/ Doreen Canton</u>

13591233.1